UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDON M. GERMANY, | Case No.  2:26-cv-0447-JDP (P) |
| Plaintiff, | |
| v. | ORDER: FINDINGS AND RECOMMENDATIONS |
| ADAM T. WEINER, | |
| Defendant. | |

Plaintiff has filed a complaint alleging that his counsel during a state criminal trial violated his rights by failing to represent him adequately.  ECF No. 1 at 3.  This allegation cannot proceed in a section 1983 action because his counsel is not a state actor.  Accordingly, I will recommend that this action be dismissed for failure to state a cognizable claim.  I will also grant plaintiff's application to proceed *in forma pauperis*, ECF No. 2.

**I.    Screening Standards**

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee.  *See* 28 U.S.C. § 1915A(a).  The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a

1

claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The plausibility standard does not require detailed allegations, but legal conclusions do not suffice.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim.  *Id.* at 679.  The complaint need not identify "a precise legal theory."  *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016).  Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief."  *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam).  The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).  However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'"  *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

## II.    Analysis

Plaintiff alleges that defendant Weiner, his counsel in an unspecified criminal matter, "acted out of retaliation when [he] failed to represent [plaintiff] in a timely manner."  ECF No. 1 at 3.  He claims that he tried, unsuccessfully, to have Weiner removed as counsel, and that Weiner failed to argue crucial facts at trial.  *Id.*  These claims cannot proceed in a section 1983 action, which demands that claims be brought against state actors or those who act under color of state law.  *West v. Atkins*, 487 U.S. 42, 49 (1988).  A defense attorney, like Weiner, is not a state actor. *See Polk Cty. v. Dodson*, 454 U.S. 312, 318 (1981) ("[A] lawyer representing a client is not, by

virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of § 1983.").

Instead, plaintiff's claims of ineffective assistance must be brought, if at all, in a habeas action.[1]  I decline, however, to convert this action into one for habeas corpus, because I cannot conclude that it was plaintiff's intent to bring such an action.  *See Trimble v. City of Santa Rosa*, 49 F.3d 583, 586 (9th Cir. 1995) ("When the intent to bring a habeas petition is not clear, . . . the district court should not convert a defective section 1983 claim into a habeas petition.").  Here, plaintiff does not seek release or reversal of his conviction, rather he seeks money damages.  ECF No. 1 at 5.  Additionally, it is unclear whether plaintiff has taken the necessary steps in state court to exhaust these habeas claims.  Accordingly, I will recommend that this action be dismissed for failure to state a claim.  Plaintiff may bring his habeas claims, if he chooses, in a separately filed action.

Accordingly, it is ORDERED that:

1.  Plaintiff's application to proceed *in forma pauperis*, ECF No. 2, is GRANTED.

2.  The Clerk of Court shall assign a district judge to this action.

Further, it is RECOMMENDED that plaintiff's complaint, ECF No. 1, be DISMISSED without leave to amend for failure to state a cognizable claim.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir.

---

[1] In so finding, I conclude that giving plaintiff leave to amend and file another section 1983 complaint would be pointless, as he could only proceed if he changed the fundamentals of his claims.

3

1991).

IT IS SO ORDERED.


Dated:   March 9, 2026

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

4