UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BRANDON M. GERMANY,

Plaintiff,

v.

ADAM T. WEINER,

Defendant.

Case No.  2:26-cv-0447-DAD-JDP (P)

ORDER TO SHOW CAUSE

On March 9, 2026, I recommended that this action be dismissed for failure to state a cognizable claim.  ECF No. 6.  Plaintiff filed objections to those recommendations, wherein he indicated that he might desire to convert this action into one for habeas corpus.  ECF No. 9.  On April 3, 2026, I ordered plaintiff to indicate whether he wishes to convert this action within twenty-one days by either filing a habeas petition or explicitly stating he wishes for this action to remain as one proceeding under section 1983.  ECF No. 10.  That deadline has passed, and plaintiff has not complied with, or otherwise responded to my order.  The only filing he has submitted is a copy of his prisoner trust fund account statement that does nothing to illuminate the issue.  ECF No. 11.

The court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal.  *Bautista v. Los Angeles Cnty.*, 216 F.3d 837, 841 (9th Cir. 2000); *see* Local Rule 110 ("Failure of counsel or of a party to

1

comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court."). A court may dismiss an action based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

I will give plaintiff a chance to explain why the court should not dismiss the case for his failure to comply with my order. Plaintiff's failure to respond to this order will constitute another failure to comply with a court order and will result in dismissal of this action. Accordingly, plaintiff is ordered to show cause within fourteen days why this case should not be dismissed for failure to prosecute, failure to comply with court orders, and failure to state a claim. Should plaintiff wish to continue with this lawsuit, he shall file, within fourteen days, either his amended complaint or a notice of voluntary dismissal.

IT IS SO ORDERED.

Dated:    May 7, 2026                                    _____

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE